UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | BANKRUPTCY NO. 23-10006 |
| | ) | |
| JODY SEAN McINTYRE, | ) | |
| | ) | |
| DEBTOR | ) | CHAPTER 11 |

| | | |
|---|---|---|
| JODY SEAN McINTYRE and | ) | ADVERSARY NO. 23-1001 |
| CASTINE McILHARGEY, | ) | |
| PLAINTIFFS | ) | |
| | ) | |
| V. | ) | |
| | ) | |
| ERIK M. HAGER, | ) | |
| JASON RIOS, EDUARDO PENA, | ) | |
| JOANNA PENA, AND SOUTH PADRE | ) | |
| TOWING AND RECOVERY, | ) | |
| DEFENDANTS | ) | |

**EXPEDITED SOUTH PADRE CAPITAL RESERVE, LLC'S
MOTION TO REMAND OR FOR ABSTENTION**

**This motion seeks an order that may adversely affect you. If you oppose the motion, you should immediately contact the moving party to resolve the dispute. If you and the moving party cannot agree, you must file a response and send a copy to the moving party. You must file and serve your response within 21 days of the date this was served on you. Your response must state why the motion should not be granted. If you do not file a timely response, the relief may be granted without further notice to you. If you oppose the motion and have not reached an agreement, you must attend the hearing. Unless the parties agree otherwise, the court may consider evidence at the hearing and may decide the motion at the hearing. Represented parties should act through their attorney**

**Movant requests expedited consideration and that a hearing be held no later than <u>March 3, 2023 at 2:00 pm.</u> Expedited consideration is necessary to prevent further delay of state court eviction proceedings which have been removed to this Court. The Court has scheduled a Motion for Relief from the Stay regarding the eviction proceedings for March 3, 2023 and the Motion to Remand should be heard at the same time.**

Motion to Remand                                                                                                                                      1

TO THE HONORABLE JUDGE OF SAID COURT:

South Padre Capital Reserve, LLC[1] moves the Court to abstain from hearing this case, to remand this case to the 107th Judicial District Court of Cameron County, Texas, and shows the Court as follows:

### STATEMENT CONCERNING COURT'S AUTHORITY

South Padre Capital Reserve, LLC denies that any matter presented in Cause No. 2020-DCL-3294 (the removed action) is a core proceeding as defined in 28 USC §157.   South Padre Capital Reserve, LLC does not consent to the entry of a final order on this matter by the Bankruptcy Court.

### TIMELINESS OF MOTION

Debtor/Plaintiff's Notice of Removal was filed on Thursday, February 9, 2023.  This Motion to Remand is filed on February 14, 2023, five day after the notice of removal. The Motion to Remand is therefore timely.

### BACKGROUND FACTS AND PROCEDURE

1. On or about December 24, 2019,   A- Pro Towing and Recovery, LLC[2] sold an ongoing business to A+ Pro Recovery and Towing, LLC[3].   In connection with the transaction, A+ Pro Recovery and Towing, LLC entered into a sublease agreement for property located

---

[1] Defendants Eduardo Pena and Joanna Pena are principals of South Padre Capital Reserve, LLC

[2] Defendants Eduardo Pena and Joanna Pena are principals of A- Pro Towing and Recovery, LLC.

[3] Plaintiff Jody Sean McIntyre and Defendant Hager were members of A+ Pro Recovery and Towing, LLC.  A+ Pro Recovery and Towing is currently a debtor in a Chapter 7 case in this court.

Motion to Remand                                                                                                                                       2

at 1515 Padre Boulevard, South Padre Island, Texas.

2. A+ Pro Recovery and Towing, LLC defaulted on its payment obligations to A- Pro Towing and Recovery, LLC, and disagreements arose between Plaintiff Jody Sean McIntyre and Defendant Hager.

3. On or about July 5, 202, South Padre Capital Reserve, LLC entered into a master lease agreement with the owner of the real property at 151 Padre Boulevard, South Padre, Island, Texas.

4. On or about July 14, 2020, Plaintiff Jody Sean McIntyre and Plaintiff Castine McIlhargey sued Defendants Hager, Rios, Eduardo Pena, Joanna Pena, and South Padre Towing and Recovery in the 107th Judicial District Court, Cameron County, Texas.  The case was assigned Cause No. 2020-DCL-03294.

5. On or about August 16, 2021, South Padre Capital Reserve, LLC acquired title to the property located at 1515 Padre Boulevard, South Padre Island, Texas.

6. On or about October 19, 2021, South Padre Capital Reserve, LLC obtained a judgment in Justice of the Peace Court Precinct 1, Cameron County, Texas, evicting A+ Pro Recovery and Towing, LLC, Jody McIntyre, and Castine McIlhargey from 1515 Padre Boulevard, South Padre Island, Texas.  The eviction judgment was appealed to County Court at Law No. 3, Cameron County, Texas.

7. On or about March 3, 2022,   South Padre Capital Reserve, LLC obtained a judgment in Justice of the Peace Court Precinct 1, Cameron County, Texas, evicting A+ Pro Towing and Recovery, Jody McIntyre, and Castine McIlhargey from Suite 5, 1515 Padre Boulevard, South Padre Island, Texas.  The eviction judgment was appealed to County Court at Law No. 2,

Cameron County, Texas.

8. On or about May 27, 2022, Cameron County Court at Law No.2 transferred the eviction appeal in its court into Cause No. 2020-DCL-3294, the case that has been removed to this Court.  On or about May 27, 2022, Cameron County Court at Law No. 3 transferred the eviction appeal in its Court into Cause No. 2020-DCL-3294, the case that been removed to this Court.  On or about May 28, 2022, the 107th Judicial District Court accepted the transfer of both eviction appeals into Cause No. 2020-DCL-3294.

9. None of the allegations made by any party to the eviction suits, the eviction appeals, or the other claims asserted in Cause No. 2020-DCL-3294 arise under the Bankruptcy Code. None of the events made the subject of the evictions, the eviction appeals, or the other claims asserted in Cause 2020-DCL-3294 arose in a case under the Bankruptcy Code.  None of the matters at issue in the evictions, the eviction appeals, or the other claims asserted in Cause No. 2020-DCL-3294 could have been brought in a federal court absent the filing of a case under the Bankruptcy Code.

10. South Padre Capital Reserve, LLC has not filed a proof of claim in the main bankruptcy case.

11.  On February 9, 2023,  Plaintiff/Debtor McIntyre filed a Notice of Removal in this Court.   In his Notice of Removal, Plaintiff/Defendant cited 28 USCA §1452 as his authority for removal.

### MOTION TO REMAND - MANDATORY ABSTENTION

12. South Padre Capital Reserve, LLC (sometimes referred to as "Movant" or "SPCR") moves the Court to remand this case to the 107th Judicial District Court of Cameron County,

Texas because the case is subject to mandatory abstention under 28 U.S.C. §1334(c)(2).

13. The federal court's jurisdiction in bankruptcy matters is set forth in 28 U.S.C. §1334. Pursuant to that statute, the federal courts have jurisdiction over all case "arising under title 11, or arising in or related to a case under title 11."[4] The Debtor admits, in his Notice of Remand, that the only source of federal bankruptcy jurisdiction arises under the "related to" fork of 28 USC §1334(b.)[5]

14. The removed case asserts state law causes of action that arose before the Debtor ever filed the current case under title 11. The case did not arise under title 11, and in the absence of a bankruptcy filing, this suit could not have been commenced in a federal court.

15. This suit was pending long before the Debtor began the current bankruptcy proceeding. Cause No. 2020-DCL-3294 was pending before the current title 11 case was filed, and can be timely adjudicated in 107th Judicial District Court. The eviction appeals would have been adjudicated already, except for the interposition of three separate bankruptcy cases filed by the Debtor and his co-Plaintiffs.

16. Section 1334(c)(2) of title 28 provides that, "in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced

---

[4]. 28 USCA 1334(b). "(b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

[5] Debtor asserts only that the proceeding is "related to" the Bankruptcy Case. Debtor's Notice of Removal (ECF#5), Page 5.

Motion to Remand                                                                                                    5

in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction."[6]   The case currently before the Court falls squarely within the terms of Section 1334(c)(2.)   Cause No. 2020-DCL-3294 is based upon State law causes of action: it is "related to" the current case under title 11, but did not arise under title 11 and did not arise in a case under title 11; it could not have been commenced in a federal court absent the jurisdiction conferred by 28 USCA §1334;   the case had already been commenced (by the Debtor) in state court, and it can be timely adjudicated in a State forum.  Consequently, this case is subject to mandatory abstention under 28 USCA §1334(c)(2.)

17.  In discussing mandatory abstention under §1134(c)(2), the 5th Circuit has held that: "We have interpreted this provision to mandate federal court abstention where "(1) [t]he claim has no independent basis for federal jurisdiction, other than § 1334(b); (2) the claim is a non-core proceeding, i.e., it is related or in a case under title 11; (3) an action has been commenced in state court; and (4) the action could be adjudicated timely in state court."[7]

18.  All of the factors for mandatory abstention identified in *TXNB* are applicable to the current case.

    A.  The suit has no independent basis for federal jurisdiction.   All claims asserted in this case could (and did) exist outside of bankruptcy. [8]

    B.  The removed suit is not a core proceeding.   A proceeding is core proceeding

---

[6] 28 USCA 1334(c)(2.)

[7] *In Re: TXNB Internal Case*, 483 F3rd 292 (CA5 - 2007) at 300.

[8] See *In Re: Floor-Tex Commercial Flooring, LLC*, 2022 WL 1085555, (Bankr - S.D. Tex,2022 at pg.3.

Motion to Remand    6

" 'if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." Simply stated, state law claims that do not depend on title 11 for their existence are not core claims." [9]

   C. Whether the case was initially commenced in State Court.  Plaintiff filed the petition commencing this case in the 107th Judicial District Court in 2020, well before Plaintiff filed his petition in the bankruptcy court.  The eviction cases were commenced in Justice of the Peace Court and appealed by the Plaintiff.

   D. Whether the State Court action can be adjudicated timely in state court.   In order to show that a matter can be adjudicated timely in state court, the party moving for remand can demonstrate that a timely state court adjudication is available by providing evidence that the state court entered orders to keep the case moving, such as scheduling orders and a discovery control plan.[10]   Attached to this Motion to Remand as Exhibit "1" is a copy of the 107th Judicial District Court's docket sheet for the removed case.

All of the *Floor-Tex* factors are present in the current case.  For that reason, Section 1334(c)(2) mandates abstention, and the Court should remand the case to the 107th Judicial District Court, where it can be timely adjudicated.

### EQUITABLE REMAND/DISCRETIONARY ABSTENTION

19.  Plaintiff/Debtor's Notice of Removal relied on the authority of 28 USCA §1452, the bankruptcy removal statute.   When a case is removed under §1452 , the Court to which the case

---

[9] *In Re: Floor-Tex Commercial Flooring, LLC*, id.  (Internal footnotes omitted.)

[10] *In Re: Floor-Tex Commercial Flooring, LLC,* ind. (Internal citations omitted.)

is removed may remand the case on any equitable ground.[11] In addition, a federal court may, in the interests of justice or of comity with state courts or state law, abstain from hearing a proceeding over which it may have jurisdiction under 28 USC §1334.

20. The application of a court's power of equitable remand and discretionary abstention are discussed in *In Re: Briseno*[12] The two powers are similar in that both are rooted in equity, and both are within the court's discretion.[13]

In deciding whether to remand under 28 USCA §1452(b), courts in the Southern District of Texas consider two sets of overlapping factors. The first set of factors, set forth *In Re: Treyson Dev., Inc.,* No. 14-70256, 2016 WL1604347, are as follows:

(1) the convenience of the forum;

(2) the presence of non-debtor parties;

(3) whether the case should be tried as a whole in state court;

(4) the duplicative and uneconomic effect of judicial resources in two forums;

(5) the lessened possibility of inconsistent results;

(6) whether the state court would be better able to handle issues of State law;

(7) the expertise of the Bankruptcy Court;

(8) the degree of relatedness or remoteness to the main bankruptcy case;

---

[11] 28 USCA 1452(b) "(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title."

[12] *In Re: Briseno*, 571 BR 215 (Bankr - S.D. Tex. - 2017.)

[13] Id., p. 218.

(9) prejudice to involuntarily removed parties;

(10) whether the case involves forum shopping;

(11) the burden on the Bankruptcy Court's docket; and

(12) considerations of comity.[14]

The second set of factors, set forth in *Ramirez v. Rodriguez (In Re: Ramirez)*, are as follows:

(1) forum non conveniens;

(2) whether the civil action has been bifurcated during removal, which favors a trial of the entire action in state court;

(3) whether the state court has greater ability to respond to questions of state law;

(4) the particular court's expertise;

(5) the inefficiencies of proceedings in two forums;

(6) prejudice to the involuntarily removed party;

(7) comity; and

(8) possibility of an inconsistent result.[15]

In the current case, the following factors favor remand:

A. The presence of non-debtor parties;

B. Prejudice to involuntarily removed parties;

C. Forum shopping;

D. Comity and the state's interest in having questions of state law, especially

---

[14] *In Re: Treyson Dev.Inc.*, 2016 WL 1604347 (Bankr - S.D. Tex. - 2106)

[15] *Ramirez v. Rodriguez (n Re: Ramirez)* 413 BR 621, 632-33 (Bankr. S.D. Texas - 2009.)

eviction suits, decided in its own courts.

All of the other factors are neutral. There is no factor favoring the court's retention of this case. Accordingly, the Court should remand this case to the 107th Judicial District Court of Cameron County, Texas.

## PRAYER

WHEREFORE, premises considered, South Padre Capital Reserve, LLC prays that the Court remand this proceeding to the 107th Judicial District Court of Cameron County, Texas, and for such other and further relief to which it may show itself entitled.

Dated: February 14, 2023.

        Respectfully submitted,
        LAW OFFICE OF ANDREW K. ROZELL

        By:/s/Andrew K. Rozell
        Andrew K. Rozell
        State Bar No. 17358000
        Southern District ID No. 1220
        323 E Jackson
        Harlingen, TX 78550
        956/428-1282 - telephone
        956/428-6595 - facsimile
        akrlawharlingen@gmail.com
        Attorney for South Padre Capital Reserve, LLC

## CERTIFICATE OF SERVICE

I certify that on the same date this instrument was filed with the Court's CM/ECF system, I served a true and correct copy on the persons listed on the attached service list by the means stated on the service list.

        /s/Andrew K. Rozell

Motion to Remand         10

Andrew K. Rozell